Dawn ELLETT, as Executrix of the Estate of John R. DeMaria, and Dawn Ellett, as Executrix of the Estate of Mildred DeMaria, Plaintiffs—Appellants,

v.

Richard SYKORA; Denise Sykora; Wayne Leicht; Dona Leicht; and Kristalle, Defendants—Appellees.

No. 02–17411.

D.C. No. CV–99–01237–GEB(GGH).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2003.

Decided Dec. 23, 2003.

Cris Campbell Vaughan, Sinclair, Wilson and Bedore, Roseville, CA, for Plaintiffs–Appellants.

Richard Keith Corbin, Law Office of Richard Keith Corbin, Sacramento, CA, Pal A. Lengyel-Leahu, Santa Ana, CA, for Defendants–Appellees.

Before HAWKINS, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Appellants, the Estate of John R. DeMaria and the Estate of Mildred DeMaria, through Dawn Ellett, executrix of both estates, appeal from the district court's summary judgment dismissal on statute of limitations grounds of their Racketeer Influenced and Corrupt Organizations Act (RICO) action. We conclude that the DeMarias had constructive notice of their injuries as early as thirteen years prior to the filing of their suit in 1999, and therefore affirm the dismissal of their action. As the facts are familiar to the parties, we recount them only as necessary to explain our decision.

The statute of limitations for civil RICO claims is four years. *See Pincay v. Andrews,* 238 F.3d 1106, 1108 (9th Cir.2001). The statute " 'begins to run when a plaintiff knows or should know of the injury that underlies his cause of action.' " *Id.* at 1109 (quoting *Grimmett v. Brown,* 75 F.3d 506, 510 (9th Cir.1996)). Constructive notice is established if the plaintiff "had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the fraud." *Id.* at 1110 (citation and quotation marks omitted). Summary judgment is appropriate "if the uncontroverted evidence irrefutably demonstrates that a plaintiff discovered or should have discovered the fraud but failed to file a timely complaint." *Volk v. Davidson,* 816 F.2d 1406, 1417 (9th Cir.1987).[1]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The DeMarias contend that summary judgment is inappropriate if there is "the slightest doubt" as to the facts. *See Doehler Metal Furniture Co. v. United States,* 149 F.2d 130, 135 (2d Cir.1945). *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), however, has long since made clear that the question on summary judgment is not whether there is "the slightest doubt" as to the facts: "[T]he mere existence of *some*

We review de novo the district court's dismissal on statute of limitations grounds. *Grimmett,* 75 F.3d at 510.

■ We conclude that any reasonable jury would have found that by late 1985, the DeMarias had sufficient constructive notice that Richard Sykora was defrauding them. The DeMarias' son, John F. DeMaria, who was familiar with the activities on the mining claims because he continued to personally mine portions of them, had told the DeMarias in late 1985 that it appeared that Sykora was concealing gold. John F. also showed the DeMarias a photograph of gold that they had never seen before and that was likely from the DeMaria mines. This warning constituted "enough information to warrant investigation." *Pincay,* 238 F.3d at 1110. The DeMarias' complete failure to inquire at all into this matter was objectively unreasonable. This suit, brought in 1999, was therefore filed long after the four-year limitations period had run.

We note that even if the 1985 warning standing alone were not sufficient to establish constructive notice, a family friend (Errol Christman) had also told Mildred DeMaria in 1992 at the latest[2] that unusually large quantities of gold were being produced in the vicinity of the DeMaria mines and advised her to make sure she was receiving her rightful share.[3] This warning also sufficed to establish constructive notice, yet Mildred unreasonably refused to investigate further.

■ The DeMarias' implicit trust of Sykora does not excuse their failure to investigate. The accusations by John F. (and later by Christman) should have put them on notice that their trust might have been misplaced. *See Volk,* 816 F.2d at 1416 (once the plaintiffs had constructive notice of their injuries, "it was not reasonable for them to rely on reassuring comments from a broker"); *Kramas v. Security Gas & Oil Inc.,* 672 F.2d 766, 771 (9th Cir.1982) ("[T]he question is not whether Kramas continued to repose confidence in [defendant] SEGO but whether in the exercise of reasonable diligence he should have been aware of defendants' allegedly fraudulent conduct."); *see also Pincay,* 238 F.3d at 1109 ("[C]onstructive notice begins to run the statute of limitations regardless of any fiduciary relationship between the injured and the injurer."). It was not reasonable for the DeMarias to rely solely on their trust of Sykora, when they were presented with indications that Sykora was defrauding them.

■ The DeMarias raise for the first time in their reply brief the issue of equitable tolling. This issue is waived. *See Cedano–Viera v. Ashcroft,* 324 F.3d 1062,

---

alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48.

2. Although the DeMarias correctly note that Christman was initially unable to recall the precise time frame of this conversation, he later testified that he was aware that the mining claims were sold in 1992, and that the conversation therefore must have occurred prior to the 1992 sale.

3. We reject the DeMarias' contention that Christman was incompetent to testify simply because he was not feeling well during his deposition. *See* Fed.R.Evid. 601.

We also reject the DeMarias' argument that Christman lacked personal knowledge of these events. Christman was testifying to the substance and timing of a conversation in which he was a participant. *See* Fed.R.Evid. 602. In addition, Christman had personal knowledge as to whether and when Mildred was receiving a royalty. Christman testified that John F., a party to the contract, told him that Sykora had agreed to give them 10% of the royalties from the mining claims.

1066 n. 5 (9th Cir.2003) (declining to consider issues raised for the first time in a reply brief). The DeMarias also argue for the first time in reply that sales of previously mined DeMaria gold occurring within the limitations period constitute "new and independent" injuries entitling them to recover damages. *See Grimmett,* 75 F.3d at 510. This issue is also waived. *See Cedano–Viera v. Ashcroft,* 324 F.3d at 1066 n. 5.

Because the DeMarias had constructive notice of their injuries as early as 1985, over thirteen years before they filed suit, the district court did not err in dismissing their RICO action on statute of limitations grounds.

**AFFIRMED.**